UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
CIVIL ACTION NO.

|  |  |  |
|---|---|---|
| DIFR-TEK DIGITAL, LLC<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE COMPONENTS INTERNATIONAL CORPORATION<br><br>Defendant. | )))))))))))))))) | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Difr-Tek Digital, LLC ("Plaintiff" or "Difr-Tek") files this Complaint for patent infringement against Defendant Progressive Components International Corporation ("Defendant" or "PCIC") alleges as follows:

### NATURE OF THE ACTION

This is a civil action for infringement of United States Patent No. 11,308,298 (the "'298 Patent"- **Exhibit A**).

### PARTIES

1. Plaintiff Difr-Tek is a corporation organized and existing under the laws of the State of Michigan, with a principal place of business at 418 N. Main street, 2nd Fl, Royal Oak, MI 48067. Difr-Tek is a privately held company that develops digital solutions for managing tools that are used by manufacturing companies.

2. Defendant PCIC is a corporation organized and existing under the laws of the state of Illinois. Upon information and belief, Defendant PCIC's principal place of business is located at 235 Industrial Drive, Wauconda, IL 60084. Defendant makes and sells injection molding monitoring systems under the brand *ProFile*, including asset management system software that uses QR codes attached to injection molding tools, hereinafter the "Accused System". See https://profile.elementor.cloud/.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, specifically §§ 271 and 281-285.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue in this Court is proper based upon 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

6. Upon information and belief, PCIC has employees and/or sales representatives in this district that are selling and/or offering for sale the Accused System, has customers using the Accused System in this district, has sales and/or is offering for sale the Accused System in this District, and elsewhere in Michigan.

7. Upon information and belief, the Defendant has made, used, sold, and/or offered for sale the Accused System which infringes the '298 Patent throughout the United States, including in this District.

8. On information and belief, the Defendant has purposefully directly infringed the '298 Patent in this District, has contributed to and/or induced customers to use the Accused System in this district, and/or has otherwise availed itself of the privileges and protections of the laws of the State of Michigan, such that this Court's assertion of jurisdiction over the

Defendant does not offend traditional notions of fair play and due process.

## FACTUAL ALLEGATIONS

### A. DIFR-TEK'S ACTIVITIES

9. Difr-Tek is a Michigan based privately held company that is extensively engaged in the design, manufacture, marketing, and sale of, among other things, asset management systems for tracking, monitoring, tools, molds, fixtures, and the like, which helps customers effectively manage their production tools in manufacturing plants around the world in a timely, cost-effective manner.

10. Difr-Tek's patented tool asset management system is marketed, used, offered for sale, and is sold in the United States and has enjoyed success in the marketplace. It creates one single source of truth for tool assets throughout the entire lifecycle of a project for a company. Users of Difr-Tek's patented tool management system have instant global access to the details of every tool in the system. The patented system is scalable and may be offered on a subscription basis (SaaS) to OEMs, suppliers to OEMs, and tooling manufactures that desire to provide a service contract for their customers who desire to track tooling data.

11. Difr-Tek has sought and obtained numerous patents related to its proprietary tool asset management. One such patent, the '298 Patent, is at issue in this lawsuit.

12. Difr-Tek owns all right, title and interest in the '298 Patent, titled "Tooling System," which was issued by the U.S. Patent and Trademark Office on April 19, 2022.

13. The '298 Patent generally discloses a tooling system having an identifier tag, such as a QR code, that is located on the tool. The tool may be a die, injection mold, fixture, or the like. A tool database is configured to store information about the tool. The tool information can include domains such as history of the tool, the design of the tool, and even an image of the

tool can be uploaded into the tool database. This allows users, such as machine operators, to upload to the database information from the factory floor in real time.  The tooling system includes a portable device that is configured to scan the identifier tag, communicate to the tool database, and provide information about the tool to those that access the tool database.

14. The '298 Patent is a continuation patent application, and it claims priority to a number of applications, including but not limited to U.S. Provisional application No. 61/605,366 which was filed on March 1, 2012.

15. The '298 Patent is valid and enforceable.

16. The '298 Patent is in full force and effect until at least November 30, 2032.

17. A continuation patent application of the '298 Patent, U.S. Patent Publication No. US2022/0253623 A1 (hereinafter the "'623 Publication"), is currently pending. A copy of the '623 Publication is attached as **Exhibit B**.

18. On information and belief, the Defendant, in this and other districts, has in the past and currently produces, markets, uses, sells and/or offers for sale, tool asset management systems, including an asset management system under the *ProFile* series. For example, the following information from Defendant's website at https://profile.elementor.cloud/, illustrates the accused *ProFile* system which depicts an advanced mold monitoring system for tracking and maintaining molds.  The *ProFile* system is touted as a cloud-based tracking system that is designed for OEMs, Molders, and Mold Builders to organize and track tooling activity.

    **B.**    **PRIOR NOTICE OF INFRINGEMENT**

19. In 2022, Difr-Tek sent a notice letter to PCIC advising PCIC about Plaintiff's patents. Difr-Tek provided PCIC with a copy of the '298 Patent.   PCIC has not ceased making,

using selling or offering for sale the Accused *ProFile* System. PCIC continues today inducing its customers to use the *ProFile*, despite being on notice of Difr-Tek's patents.

20. PCIC today is contributing to the infringement of the '298 Patent by causing its customers to use the *ProFile* system, despite being on notice of Difr-Tek's patents.

21. Upon information and belief, Defendant has been aware that the *ProFile* tool tracking system may infringe the '298 Patent since at least as early as April 19, 2022, the date of issuance of the '298 Patent.

22. Upon information and belief, the Defendant has been aware of the '298 Patent since at least April 4, 2019, the date the application was first published by the U.S. Patent and Trademark Office.

## COUNT I

**(Infringement of the '298 Patent)**

23. Difr-Tek restates and realleges each of the allegations set forth above.

24. The Defendant has infringed, and continues to infringe, directly, contributorily, and/or has actively induced infringement of the '298 Patent in violation of 35 U.S.C. § 271 by making, using, distributing, manufacturing, offering to sell, selling the *Profile* tool asset system, which at least claims 15 - 18 of the '298 Patent covers.

25. The Defendant has infringed, and continues to infringe, at least claims 15 - 18 of the '298 Patent literally, or under the doctrine of equivalence, by making, using, distributing, manufacturing, offering to sell, and/or selling, and/or inducing its customers, without limitation, at least the Accused System.

26. Difr-Tek has been and will continue to be pecuniarily and irreparably damaged by the Defendant's infringement, including diversion of customers, lost sales, and lost profits,

unless this Court enjoins the Defendant from continuing its infringement pursuant to 35 U.S.C § 283.

27. Service of this Complaint constitutes actual knowledge. Despite such actual knowledge, the Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '298 Patent.

28. Based on the foregoing, the Defendant's ongoing infringement of the '298 Patent is willful.

29. Because the Defendant's actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Difr-Tek's rights, this is an "exceptional case" pursuant to 35 U.S.C § 285 and Difr-Tek is entitled to attorney's fees and costs.

30. Because the Defendant's actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Difr-Tek's rights, Difr-Tek is entitled to an award of treble damages under 35 U.S.C § 284.

31. As a direct and proximate result of the Defendant's wrongful conduct, Difr-Tek has suffered, and will continue to suffer, monetary damages in the amount to be proven at trial.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Difr-Tek respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Difr-Tek respectfully requests that this Court award the following relief:

A. A judgement that the '298 Patent was duly and legally issued, and is valid and enforceable;

      B.      A judgment that the Defendant has directly and/or contributorily infringed the '298 Patent, and/or has infringed the '298 patent under the Doctrine of Equivalence, and/or has actively induced infringement of the '298 Patent by others, including its customers that are using the Accused System and all parts made pursuant thereto;

      C.      A permanent injunction barring the Defendant and all others acting in concert with it, from infringing or inducing others to infringe the '298 Patent;

      D.      A judgment that the Defendant has willfully infringed the '298 Patent thereby entitling Difr-Tek to recover treble damages, pursuant to 35 U.S.C. § 284;

      E.      A judgment and order requiring that the Defendant shall additionally account for and pay Difr-Tek the damages and/or disgorge profits for the period of infringement of the '298 Patent following the period of damages established by Difr-Tek at trial;

      F.      A judgment and order that Difr-Tek is further entitled to pre-judgment and post- judgment interest pursuant to 28 U.S.C. § 1961;

      G.      A judgment and order finding that this case is exceptional, and that Difr-Tek is entitled to reasonable attorney fees, costs, and expenses that it incurs prosecuting this action under 35 U.S.C. § 285;

      H.      A judgment and order that the Defendant shall immediately cease and desist from ordering, advertising, or selling the Accused System, and the Defendant hereafter shall not infringe, either directly, by contribution, or by inducement, the '298 Patent by importing, offering for sale, making, using, or selling the Accused System within the United States; and

      I.      Any and all other relief as the Court may deem just and appropriate.

Respectfully submitted this 30 day of June, 2023.

**FISHERBROYLES, LLP**

By: _/Douglas P. LaLone/_
    Douglas P. LaLone
    (Michigan Bar# 45751)
    400 Renaissance Center, Suite 2600
    Detroit, MI 48243
    Telephone: 586.871.6302
    douglas.lalone@fisherbroyles.com

    Rachel E. Moynihan (*pro hac pending*)
    75 State Street, Suite 100
    PMB 4418
    Boston, MA 02109
    Telephone: 603.498.0701
    rachel.moynihan@fisherbroyles.com